MORRIS TISCHMAN, ADMINISTRATOR, &c., OF SOLOMON TISCHMAN, DECEASED, ET AL., DEFENDANTS IN CERTIORARI, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, PROSECUTOR.

Submitted March 20, 1913—Decided June 16, 1913.

Under section 12 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 139), where the decedent left no widow, but did leave a father and mother who were actually dependent upon him, compensation should be computed on the basis of twenty-five per cent. of decedent's wages for the number of weeks fixed by the statute.

On *certiorari.*

Before Justices TRENCHARD, PARKER and VOORHEES.

For the prosecutor, *Charles E. Miller* and *George Holmes.*

For the defendants in *certiorari, John J. Stamler.*

The opinion of the court was delivered by

TRENCHARD, J.   On September 9th, 1912, Solomon Tischman was killed by accident arising out of and in the course of his employment by the Central Railroad Company of New Jersey.   His administrator petitioned the judge of the Court of Common Pleas of the county of Union to compute and award the compensation to be paid by his employer under section 12 of the Workmen's Compensation act.   *Pamph. L.* 1911, *p.* 139.

The learned judge found that the decedent left no widow, but did leave a father and mother who were actually dependent upon him.   He then computed compensation on the basis of fifty per cent. of decedent's wages, and awarded judgment accordingly.

That was erroneous.   We have held that where the decedent left no widow, but did leave a mother who was actually dependent upon him, compensation should be computed on the basis of twenty-five, not fifty, per cent. of his wages.   *Blanz* v. *Erie Railroad Co., ante p.* 35; *McFarland* v. *Central Railroad Co., ante p.* 435; *Quinlan* v. *Barber Asphalt Paving Co., ante p.* 510.

Those decisions, in principle, control the present case. Where, as here, the decedent left no widow, but did leave a father and mother who were actually dependent upon him, compensation should be computed on the basis of twenty-five per cent. of decedent's wages for the number of weeks fixed by the statute.

To effect this modification the judgment will be reversed and the record remitted to the Common Pleas.